849 F.2d 606
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re PARADYNE CORPORATION, Petitioner.
 No. 88-2507.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 5, 1988.
Decided: May 31, 1988.
 
 Jerrold J. Ganzfried (Keith E. Pugh, Jr., Edward P. Henneberry, Whitney E. Zahn, Howrey & Simon, on brief), for petitioner.
 Elliot M. Mincberg (David J. Hensler, Jean Staudt (Moore), Hogan & Hartson, on brief), for respondent.
 Before DONALD RUSSELL and WIDENER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Following the denial of its motion to postpone trial in this action, the defendant Paradyne Corporation filed its petition for a writ of mandamus, staying trial until a decision by the district court of Massachusetts in a dispute over the ownership of the cause of action herein. To understand the basis for the petition, it is necessary to sketch the facts in this proceeding leading up to the filing of the petition.
 
 
 2
 In March, 1984, Sigma Data Computing Corporation (Sigma Data) filed this suit against Paradyne Corporation (Paradyne), alleging that it was deprived of a valuable computer service contract with the government by the fraudulent and deceptive action of Paradyne. It sought recovery of lost profits in the sum of $20 million and punitive damages of $10 million. M/A-Com, another computer company, acquired Sigma Data from the 21 stockholders of that corporation and, according to the district court's order, "named it M/A-Com Information Systems, Inc." Later, M/A-Com sold M/A-Com Information Systems, Inc. to Centel Information Systems, Inc. (Centel). However, M/A-Com Information Systems had executed an assignment, which was dated a few months before the sale to Centel was finalized. Under this assignment, the lawsuit was transferred by Sigma Data's successor to its corporate parent M/A-Com. Litigation, though, is pending in the district court of Massachusetts, between Centel and M/A-Com. In that suit, Centel is contesting the validity of the assignment of this cause of action to M/A-Com by its subsidiary. It is Centel's position that, if it prevails on its claim, it, and not M/A-Com, would be the owner of this lawsuit.
 
 
 3
 Centel moved in this lawsuit to intervene but the motion has been denied by the district court on the ground that such intervention would needlessly delay the trial of the action and that Centel in any event can be adequately represented by M/A-Com, whose interests, so far as the suit against Paradyne is concerned, are identical to those of Centel. Centel has not appealed that denial. In fact, it has filed with the district judge in this case and with the Judicial Panel on Multidistrict Litigation "its willingness to be bound by the judgment on the merits on this case." It also submitted to Paradyne an offer to enter into a stipulation with it to be "bound by a judgment on the merits, which offer Paradyne summarily rejected." Centel, in its letter to the district judge in this case, stated its reason for making such offer:
 
 
 4
 Both Centel's argument before the Judicial Panel and Centel's offer to Paradyne are consistent with Centel's belief that under applicable law it will be bound by any merits determination reached by this Court. For this reason, and because Paradyne's actions so clearly demonstrate only a desire to delay trial, Centel respectfully suggests that Paradyne's Motion for Certification is without merit and should be denied.
 
 
 5
 Paradyne has filed various motions and proceedings designed to delay this proceeding until the validity of the assignment of this cause of action could be resolved. It sought to make Centel a party to this action. That motion was denied. It also moved the Multidistrict Litigation Panel for an order transferring the Massachusetts action to this court and consolidating it with the present action. This motion was denied. It next filed a declaratory action to resolve whether Centel or M/A-Com had ownership of this cause of action. This effort, which, like the others, was treated by the district court as efforts to delay the trial herein, was found to be without merit. Finally, it moved to postpone trial herein until the issue of ownership was determined in the Massachusetts action. When that motion was denied, Paradyne filed this petition for relief in mandamus.[1]
 
 
 6
 We find no basis for the extraordinary writ of mandamus herein. Rule 25(c) Fed.R.Civ.P. permits the continuation of this action in the name of the original plaintiff, even though that party has been merged into a successor corporation. Moreover, Paradyne is not prejudiced by the maintenance of the action in the name of Sigma Data without the presence of Centel as a party. Centel has in effect agreed in writing that the action may continue in the name of Sigma Data and that expressly it will be bound on the merits by any judgment entered in this action. Paradyne is thus completely protected from any subsequent litigation by Centel after trial and judgment in this action maintained in the name of Sigma Data and MA-Com by substitution for Sigma Data. If a judgment is recovered in this action against Paradyne, whether that judgment is ultimately adjudged to be the property of M/A-Com or Centel is a matter to be resolved in the Massachusetts case involving them but there is no reason to delay the trial of the action against Paradyne for resolution of the Massachusetts action, since, as we have said, both M/A-Com, by prosecuting this action, and Centel, by express agreement, will be bound on the merits by the judgment in this case, thereby preventing other litigation, whether by M/A-Com or Centel, against Paradyne on the cause of action herein.
 
 
 7
 Under these circumstances, where Paradyne will in no way be prejudiced by permitting this cause to proceed to trial, there is no occasion for the grant of mandamus relief herein. Accordingly, the temporary stay herein granted on Paradyne's motion is vacated and the petition for writ of mandamus herein is denied.
 
 
 8
 PETITION DISMISSED.
 
 
 
 [1]
 It would seem that appellate review of a denial of a motion to stay may be by way of a motion for a writ of mandamus. Gulfstream Aerospace v. Mayacamus Corp., 99 L.Ed.2d 296, 312 n. 13 (1988). Whether appellate review of such denial may be reviewable as an appeal of right under section 1292(1) is discussed in 7C, Wright & Miller, Federal Practice & Procedure, section 1923, pp. 507 et seq. (1986)